UNITES STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
KAREN BERENS,

               Plaintiff

   -against-

SOUTHERN WESTCHESTER BOCES and THE BOARD
OF EDUCATION OF SOUTHERN WESTCHESTER
BOCES,

              Defendants.
------------------------------------------------------------------------X

**COMPLAINT**

Docket No.:

**PLAINTIFF DEMANDS A TRIAL BY JURY**

## NATURE OF THE ACTION

1. This is an action under the Americans with Disabilities Act of 1990 (ADA): 29 U.S.C. 621 et. seq., the Age Discrimination in Employment Act (ADEA): 42 U.S.C. 12112 et seq., Sections 501 and 504 of the Rehabilitation Act of 1973, 29 U.S.C. 791 et seq., and the New York State Human Rights Law ("HYSHRL"), N.Y. Executive Law 296 et. seq. to correct unlawful employment practices on the basis of disability and age and to make whole KAREN BERENS ("BERENS"). Defendants, SOUTHERN WESTCHESTER BOCES, THE BOARD OF EDUCATION OF SOUTHERN WESTCHESTER BOCES (Collectively "SWBOCES") discriminated against KAREN BERENS, a qualified individual with a disability and age 67, to wit:

    Plaintiff has cerebral palsy, asthma and is 67 years of age and because of her disabilities and age SWBOCES has been subjecting her to disparate treatment and a hostile work environment and by condoning, sanctioning, supporting and failing to correct discriminatory conduct against her by one or more of her co-employees she has suffered harm, loss of salary, and damages.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Section 452, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to the Americans with Disabilities Act of 1990 (hereinafter referred to as the "ADA"), 42 U.S.C. Section 1201 et seq., Sections 501 and 504 of the Rehabilitation Act of 1973, 29 U.S.C. 791 et seq and the Age Discrimination in Employment Act (hereinafter referred to as the "ADEA"), The Court may exercise supplemental jurisdiction over BERENS state law claims. 28 U.S.C. 1367.

3. Within 300 days of the occurrences herein complained of, plaintiff BERENS filed an employment discrimination charge against the defendants with the United States Equal Employment Opportunity Commission pursuant to procedural requirement of Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. 12111, et seq. Said charge was assigned Charge # 520-2021-01080.

4. By Notice dated June 27th, 2022, and received July 28th, 2022, the United States Equal Employment Opportunity Commission granted plaintiff BERENS a Notice of Right to Sue under Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. 12111, et seq. and the Age Discrimination in Employment Act. A copy of said Notice is annexed hereto and made part hereof.

5. The employment practices hereafter alleged to be unlawful were and are now being committed in the Southern District of New York.

## PARTIES

6. Plaintiff BERENS, a resident of the State of Connecticut County of Fairfield has, and/or is perceived as having disabilities known as Cerebral Palsy and Asthma and is thus a "qualified individual with a disability."

7. Plaintiff BERENS is 67 years of age and therefore qualifies under the ADEA.

8. Plaintiff BERENS is an Occupational Therapist who has worked for SWBOCES for more than 16 years despite her disabling conditions of cerebral palsy and asthma. As an occupational therapist she has provided expert therapy to a wide variety of students with disabilities.

9. At all relevant times, Defendant SOUTHERN WESTCHESTER BOCES was a domestic corporation authorized to transact business in the County of Westchester, State of New York.

10. At all relevant times, Defendant THE BOARD OF EDUCATION OF SOUTHERN WESTCHESTER BOCES was the governing body of SOUTHERN WESTCHESTER BOCES.

11. On August 14, 2020, BERENS submitted a workplace accommodation request form requesting delivery of all her occupational therapy sessions virtually due to the COVID 19 Pandemic.

12. On August 19, 2020, BERENS met with Suzanne Doherty, Director of Human Resources at SWBOCES. BERENS discussed her need to remain at home for the upcoming fall school year and reminded Ms. Doherty that her doctors' notes had been sent with the request to work remotely. Ms. Doherty requested more information from BERENS doctors, which BERENS immediately provided.

13. On September 2, 2020, the school re-opened, but BERENS's stayed home on a "personal day"/sick day" leave, as she had not heard back from HR.

14. On September 8, 2020, BERENS lawyer at that time wrote a detailed letter to Ms. Doherty, describing BERENS medical challenges as well as those of her husband and mother, who live with her as a reasoning for her continuing to work remotely. All efforts to get a remote accommodation failed.

15. On September 14, 2020, BERENS sent an email to Principal Leslie Handler, Andrea Byrne (Ms. Handler's Supervisor) and Ms. Doherty, asking what she should do with the requests from parents of her students to schedule time for the students in her caseload. Ms. Handler replied that BERENS was to stop any contact with parents immediately.

16. On September 18, 2020, BERENS met again with Ms. Doherty, who offered an alternate accommodation of the following: working in person with a N-95 mask, face shield, and barrier; the opportunity to work from home remotely on days BERENS could schedule a full day of students, and only on those days; and finally, attending staff/team meetings remotely by Zoom. Doherty stated that BERENS request to work fully remote was "not feasible" and gave her an ultimatum that she must report to work on September 21, 2020 unless she was entitled to use paid leave time, and handed in the supporting paperwork as required by the contract or any applicable laws.

17. On September 18, 2020, a co-worker at KAREN BERENS worksite was found to be infected with COVID-19.

18. On or about October 1, 2020, KAREN BERENS caseload was taken away from her and given to a new hire, an Occupational Therapist named John Reiseman, who upon information and belief is less than 40 years of age.

19. Plaintiff KAREN BERENS remained home on "personal day"/sick day leave and used all of her accrued "personal day"/sick days.

20. Once BERENS "personal day"/sick days were exhausted she lost paid workdays until she physically returned to workplace in March 22, 2021.

21. Subsequently, in August 2022 BERENS was falsely accused of misconduct at work in retaliation for her request for an accommodation.

## AS AND FOR A FIRST CAUSE OF ACTION

22. Plaintiff repeats and reiterates each and every allegation contained in the preceding paragraphs of the complaint with the same force and effect as if more fully set forth at length herein.

23. The foregoing conduct and practices by the defendants constitute unlawful harassment and discriminatory conduct and unlawful employment practices on the part of the defendants in violation of the ADA.

24. The effects of the practices complained of above has been to deprive plaintiff KAREN BERENS of equal employment opportunities, to subject her to harassment and a hostile work environment and to discriminatory and disparate treatment setting her apart from her co-workers because of her disability.

25. The unlawful employment practices complained of above were and are intentional and discriminatory.

26. Plaintiff has thereby been caused to suffer severe physical and emotional distress and has been permanently damaged and scarred emotionally by the discriminatory treatment to which she was subjected.

27. Plaintiff has thereby been damaged in the sum of Three Million Dollars and is further entitled to punitive damages in the sum of One Million Dollars, together with costs, disbursements, and attorney's fees.

### AS AND FOR A SECOND CAUSE OF ACTION

28. Plaintiff repeats and reiterates each and every allegation contained in the preceding paragraphs of the complaint with the same force and effect as if more fully set forth at length herein.

29. The foregoing conduct and practices by the defendants constitute unlawful harassment and discriminatory conduct and unlawful employment practices on the part of the defendants in violation of Sections 501 and 504 of the Rehabilitation Act.

30. The effects of the practices complained of above has been to deprive plaintiff KAREN BERENS of equal employment opportunities, to subject her to harassment and a hostile work environment and to discriminatory and disparate treatment setting her apart from her co-workers because of her disability.

31. The unlawful employment practices complained of above were and are intentional and discriminatory.

32. Plaintiff has thereby been caused to suffer severe physical and emotional distress and has been permanently damaged and scarred emotionally by the discriminatory treatment to which she was subjected.

33. Plaintiff has thereby been damaged in the sum of Five Million Dollars and is further entitled to punitive damages in the sum of Three Million Dollars, together with costs, disbursements, and attorney's fees.

## AS AND FOR A THIRD CAUSE OF ACTION

34. Plaintiff repeats and reiterates each and every allegation contained in the preceding paragraphs of the complaint with the same force and effect as if more fully set forth at length herein.

35. The foregoing conduct and practices by the defendants constitute unlawful harassment and discriminatory conduct and unlawful employment practices on the part of the defendants in violation of the ADEA.

36. The effects of the practices complained of above has been to deprive plaintiff KAREN BERENS of equal employment opportunities, to subject her to harassment and a hostile work environment and to discriminatory and disparate treatment setting her apart from her co-workers because of her age.

37. The unlawful employment practices complained of above were and are intentional and discriminatory.

38. Plaintiff has thereby been caused to suffer severe physical and emotional distress and has been permanently damaged and scarred emotionally by the discriminatory treatment to which she was subjected.

39. Plaintiff has thereby been damaged in the sum of Three Million Dollars and is further entitled to punitive damages in the sum of One Million Dollars, together with costs, disbursements, and attorney's fees.

## AS AND FOR A FOURTH CAUSE OF ACTION

40. Plaintiff repeats and reiterates each and every allegation contained in the preceding paragraphs of the complaint with the same force and effect as if more fully set forth at length herein.

41. The foregoing conduct and practices by the defendants constitute unlawful harassment and discriminatory conduct and unlawful employment practices on the part of the defendants in violation of the New York State Human Rights Law.

42. The effects of the practices complained of above has been to deprive plaintiff BERENS of equal employment opportunities, to subject her to harassment and a hostile work environment and to discriminatory and disparate treatment setting her apart from her co-workers because of her disability.

43. The unlawful employment practices complained of above were and are intentional and discriminatory.

44. Plaintiff has thereby been caused to suffer severe physical and emotional distress and has been permanently damaged and scarred emotionally by the discriminatory treatment to which she was subjected.

45. Plaintiff has thereby been damaged in the sum of Five Million Dollars and is further entitled to punitive damages in the sum of Three Million Dollars, together with costs, disbursements, and attorney's fees.

## PRAYER FOR RELIEF

46. WHEREFORE, the Plaintiff respectfully prays that this Court make and enter a judgment:

a. Granting plaintiff compensatory damages in the sum of Five Million Dollars and punitive damages in the sum of Three Million Dollars on each of the first through fourth causes of action, together with costs, disbursements and attorney's fees.

b. Ordering the Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities to qualified individuals with disabilities, and which eradicate the effects of defendants' past and present unlawful and/or discriminatory employment practices,

c. Ordering the Defendants to make whole plaintiff KAREN BERENS by returning her to all responsibilities and duties required and permitted of other Occupational Therapists employed by defendants and compensating her with appropriate lost earnings and employee benefits which he has lost as a result of defendants' conduct herein complained of with pre-judgment interest, in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of defendants' unlawful and/or discriminatory employment practices.

d. Ordering the Defendants to make whole plaintiff KAREN BERENS by providing her with compensation for nonpecuniary losses, including emotional pain, suffering, inconvenience and mental anguish in amounts to be proven at trial;

e. Awarding plaintiff the reasonable attorney's fees and disbursements incurred by her in protecting her rights under the law and in prosecuting this action.

f. Granting plaintiff such further relief as the Court deems necessary and proper.

## JURY TRIAL DEMANDED

Plaintiff requests a jury trial on all issues triable by jury herein.

Dated: New York, New York
September 22, 2022

                                              _____/s/_____
D. Christopher Mason, Esq (DM4673)
MASON LAW, PLLC
11 Broadway
6th Floor – Suite 615
New York, New York 10004-1409
(212) 498-9691 phone
(212) 498-992 fax
cmason@masonlawpllc.com