

November 23, 2022

**VIA ELECTRONIC MAIL AND FIRST CLASS MAIL**
D. Christopher Mason, Esq.
Mason Law PLLC
11 Broadway, Suite 615
New York, New York 10004
cmason@masonlawpllc.com

Re: *Karen Berens v. Southern Westchester BOCES*
S.D.N.Y. Docket No.: 22-CV-8183(KMK)

Dear Mr. Mason:

We represent the Defendants Southern Westchester BOCES and the Board of Education of Southern Westchester BOCES ("BOCES"). Pursuant to the Individual Rules of Practice of the Honorable Kenneth M. Karas, we are writing to advise of our intention to move to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. We have reviewed the Complaint and it is clear that the Complaint fails as a matter of law for numerous reasons.

As an initial matter, any and all claims pursuant to the New York State Human Rights Law ("NYSHRL") must be dismissed for failure to plead compliance with the statutory notice of claim requirements. *Hardy v. New York City Health and Hospital Corp.,* 164 F.3d 789, 793 (2d Cir. 1999). In addition, such claims are time barred. It is well-settled that such claims are governed by a one-year statute of limitations pursuant to New York Education Law § 3813 ("§ 3813"). *N.Y. Educ. L. § 3813(2-b); Amorosi v. S. Colonie Indep. Cent. Sch. Dist.*, 9 N.Y.3d 367, 373, 880 N.E.2d 6, 10, 849 N.Y.S.2d 485, 489 (2007); *Smith v. Tuckahoe Union Free School District*, 2009 WL 3170302 at * 10 (S.D.N.Y. September 30, 2009). According to the Complaint, the plaintiff's requested accommodation to provide occupational therapy service to disabled students remotely was denied on September 18, 2020. The plaintiff also alleges that her caseload was "taken away from her" on October 1, 2020. However, the plaintiff did not commence the instant lawsuit until September 23, 2022, two years later. Therefore, the NYSHRL claims are untimely and must be dismissed.

The only reference to conduct within one year of the commencement of this action is the vague allegation that the plaintiff was falsely accused of misconduct sometime in August 2022 in retaliation for her request for remote work accommodations. Even assuming this allegation was sufficiently pleaded, which it is not, any claim for retaliation under NYSHRL arising out of this alleged accusation fails as the plaintiff did not comply with a requisite condition precedent. Pursuant to § 3813(1), no action shall be maintained against a board of cooperative educational services or its officers unless a written verified claim upon which such action is founded was previously presented to the governing body of the board of cooperative educational services within three months after the accrual of the claim. *N.Y. Educ. L. § 3813(1)*. *LaFace v. Eastern Suffolk BOCES*, 349 F.Supp.3d 126, 162 (E.D.N.Y. 2018); *Peritz v. Nassau County Board of*

*Educational Services*, 2019 WL 2410816 at * 2-3 (E.D.N.Y. June 7, 2019). The plaintiff did not serve BOCES with a written notice of claim within three months of the alleged retaliation in August 2022. Accordingly, the NYSHRL retaliation claim based on such alleged conduct fails as a matter of law.

The plaintiff's causes of action pursuant to the Americans with Disabilities Act ("ADA") and the Age Discrimination in Employment Act ("ADEA") also fail as a matter of law. The plaintiff was required to file a charge of discrimination with the EEOC within 300 days of the accrual of the ADA and ADEA claims. *Harris v. City of New York*, 186 F.3d 243, 247–48 (2d Cir. 1999; *Tewksbury v. Ottaway Newspapers*, 192 F.3d 322, 325 (2d Cir. 1999). The plaintiff alleges she was denied a remote work accommodation on September 18, 2022 and had her caseload "taken away" on October 1, 2020. Yet, the plaintiff did not file her charge with the EEOC until November 18, 2021. That is well more than 300 days after the accrual of the claims. Therefore, the EEOC charge was untimely and this is fatal to all the plaintiff's claims under the ADA and the ADEA. *Tewksbury v. Ottaway Newspapers*, 192 F.3d 322, 328-329 (2d Cir. 1999); *Harris v. City of New York*, 186 F.3d 243, 247 (2d Cir. 1999).

Even assuming, *arguendo*, the EEOC charge was timely, the Complaint is devoid of sufficient allegations to state plausible claims for age and disability discrimination. To plead a plausible ADA failure to accommodate claim, the plaintiff must sufficiently allege that: (1) she is a person with a disability under the meaning of the ADA; (2) BOCES had notice of her disability; (3) with reasonable accommodation, she could perform the essential functions of the job at issue; and (4) that BOCES has refused to make such accommodations. *Forman v. City of New York*, 2017 WL 1167334 at * 4 (S.D.N.Y. Mar. 27, 2017).[1] The Complaint is devoid of any allegations that the plaintiff could perform the essential functions of her job as occupational therapist with or without reasonable accommodation. To the contrary, the plaintiff's allegations establish that she did not request a reasonable accommodation to allow her to perform her job. Rather, she requested to be excused from an essential function of her position, the in-person delivery of services to students in her caseload. It is well-settled that a reasonable accommodation cannot involve the removal of the essential functions of the employee's position. *Shannon v. New York City Trans. Auth.*, 332 F.3d 95, 100 (2d Cir. 2003). Further, the plaintiff does not plead sufficient facts demonstrating that BOCES was responsible for any breakdown in the interactive process. *Thompson v. City of New York*, 2006 WL 2457694, at *4 (S.D.N.Y. Aug. 10, 2006) rpt. and rec. adopted, 2006 WL 6357978 (S.D.N.Y. Sept. 11, 2006), aff'd sub nom., *Thompson v. New York City Dept. of Prob.,* 348 Fed.Appx. 643 (2d Cir.2009). Thus, the plaintiff fails to state plausible claims discrimination disability discrimination.

---

1 The same analysis applies to claims brought under Section 504 of the Rehabilitation Act of 1973 ("Section 504") and thus the plaintiff's Section 504 claim is without merit for the same reasons discussed now with respect to the ADA claim. *Forman*, 2017 WL 1167334 at * 4.

To survive a motion to dismiss the ADEA claim, the plaintiff must plausibly allege that an adverse action was taken against her by BOCES and that her age was the but-for cause of that adverse action. *Marcus v. Leviton Mfg. Co.*, 661 Fed.Appx. 29, 31-32 (2d Cir. 2016), *citing*, *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 87 (2d Cir. 2015). She must plead sufficient facts to plausibly support the inference of discrimination *Littlejohn v. City of New York*, 795 F.3d 297, 310-11 (2d Cir. 2015). The plaintiff has not done so. First, the plaintiff has not sufficiently alleged that she indeed suffered an adverse employment action. In addition, the plaintiff's own age is insufficient to support her claim. Further, the alleged age of an individual who took over her caseload after she had not reported to work for two months is also insufficient to push her claims from conceivable to plausible. Simply put, the Complaint is devoid of any allegations to render it plausible that the plaintiff's age was the but-for cause of any adverse employment action. [2] Also, while the plaintiff pleads that as a result of the alleged age discrimination, she suffered physical and emotional distress, an ADEA claim seeking to recovery compensatory damages for pain and suffering or emotional distress is not actionable. *Comm'r of Internal Revenue v. Schleier,* 515 U.S. 323, 326, 115 S.Ct. 2159, 132 L.Ed.2d 294 (1995); *Johnson v. Al Tech Specialties Steel Corp.*, 731 F.2d 143, 147-48 (2d Cir. 1984).

The plaintiff also seems to plead in vague and conclusory fashion that she was subject to a hostile work environment. To state a plausible hostile work environment claim, the plaintiff must plead sufficient facts that would show that the alleged conduct was: (1) objectively severe or pervasive, meaning it created an environment that a reasonable person would find hostile or abusive; (2) created an environment that the plaintiff subjectively perceived as hostile or abusive; and (3) created such an environment because of some protected characteristic. *Dechberry v. New York City Fire Dep't*, 124 F. Supp. 3d 131, 156 (E.D.N.Y. 2015), *quoting*, *Patane v. Clark*, 508 F.3d 106, 113 (2d Cir. 2007). However, the plaintiff pleads no such facts and her conclusory allegations are insufficient. Therefore, any and all claims for hostile work environment fail.

Finally, the plaintiff fails to plead a plausible claim for retaliation. The allegations regarding the false accusation of wrongdoing are entirely too vague to support a claim for retaliation. Moreover, the temporal proximity between her request for remote work accommodations in August 2020 and the alleged false accusation in August 2022 is far too attenuated to support give rise to a plausible claim for retaliation. *Gordon v. New York City Bd. of Educ.*, 232 F.3d 111, 117 (2d Cir. 2000). This is especially true because the Complaint is devoid of any other factual allegations tending to show retaliatory animus on the part of BOCES.

---

[2] Disability and age discrimination claims under the NYSHRL are not sufficiently pleaded for the same reasons as the ADA and ADEA claims.

For all these reasons and others that may be fleshed out during briefing, BOCES intends to file a motion to dismiss the Complaint pursuant to Rule 12(b)(6) and is requesting the scheduling of a pre-motion conference with the Court.

Respectfully,

**SILVERMAN & ASSOCIATES**

By: Caroline B. Lineen

Caroline B. Lineen
Attorneys for Defendants
445 Hamilton Avenue, Suite 1102
White Plains, New York 10601

cc: **Via ECF**
The Honorable Kenneth M. Karas
United States District Judge
United States District Court
Southern District of New York