**MASON LAW**

D. CHRISTOPHER MASON

ATTORNEYS AT LAW
11 BROADWAY
SIXTH FLOOR, SUITE 615-8
NEW YORK, NEW YORK 10004
P: 212.498.9691 F: 212.498.9692

EMAIL:
cmason@masonlawpllc.com

December 9, 2022

**VIA ECF**
The Honorable Kenneth M. Karas
United States District Judge
United States District Court Southern District of New York
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

    Re:    Karen Berens v. Southern Westchester BOCES
                S.D.N.Y. Docket No.: 22-CV-8183(KMK)

Dear Judge Karas,

We represent Plaintiff Karen Berens and we oppose Defendant's proposed motion to Dismiss the Complaint in this action. Defendant's proposed motion is premature at this juncture and should be denied, as Ms. Berens, the Plaintiff, has stated multiple valid and timely claims of discrimination and retaliation pursuant to the Americans with Disabilities Act of 1990 (ADA): 29 U.S.C. 621 et. seq., the Age Discrimination in Employment Act (ADEA): 42 U.S.C. 12112 et seq., Sections 501 and 504 of the Rehabilitation Act of 1973, 29 U.S.C. 791 et seq., and the New York State Human Rights Law ("HYSHRL"), N.Y. Executive Law 296 et. seq.

    Plaintiff is currently an occupational therapist, who has been working for Southern Westchester BOCES for more than 16 years. In addition, she has a total of 25 years of experience as an occupational therapist. As previously stated in our Complaint Plaintiff is 67 years of age, has cerebral palsy since birth and despite her condition, has been able to work in person with minimal reasonable accommodations, except for a handicap parking pass, for the past years. However, given the COVID-19 pandemic, her

age and her additional current medical conditions, it was critical that Plaintiff be able to be reasonably accommodated to telework on a full time basis given that her health was at high risk. Plaintiff was at the time and currently services students on a daily basis and was aware that some students would not be able to tolerate the use of a mask on an ongoing basis during her sessions. Therefore, she was extremely concerned for the health implications this could cause to her safety if she contracted the COVID-19 virus, which could be fatal.

In addition to her age and her cerebral palsy, Plaintiff has been evaluated for Atrial Fibrillation and has worn at certain times a heart monitor. Atrial fibrillation is an irregular and often rapid heart rate that can increase your risk of strokes, heart failure and other heart-related complications.

Moreover, in addition to the aforementioned medical conditions, all of which are documented by her doctors, Plaintiff also suffers from seasonal asthma. She has been vaccinated against the COVID virus and she has been given all the boosters and can fulfill all the requirements of her position if given an appropriate accommodation.

On August 14, 2020, Plaintiff submitted a workplace accommodation request form requesting delivery of all her occupational therapy sessions virtually due to the COVID-19 pandemic. On August 19, 2020, she met with Suzanne Doherty, Director of Human Resources at SWBOCES at which time Plaintiff's need to remain at home for the upcoming fall school year was discussed. Plaintiff reminded Ms. Doherty that her doctors' notes had been sent with the request to work remotely. Ms. Doherty requested more information from Plaintiff, which she immediately provided. Throughout the month of September 2020 Plaintiff and her employer participated fully in an interactive process

wherein Plaintiff requested remote work/telehealth for her caseload and Defendant denied this and demanded that she must provide her services in person. No information was given by Defendant on who or what company was providing the deep cleaning of the offices at BOCES which were being used by the therapists.

At all times relevant to the Complaint, Plaintiff argued that BOCES had OT/PT therapists working remotely and there were enough students remaining home to cover more than 1 full caseload. Still, BOCES would not give these students to Plaintiff. The accommodation for those seeking full remote were told they can do so from the offices/cubicles at 450 Mamaroneck Ave. This was not a solution as it had multiple adults at that location and no adequate fresh air ventilation.

Under the American Disability Act (ADA), Plaintiff's conditions qualify as a disability(s) under the ADA. Under the ADA, you are required to make reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability, unless the accommodation would impose an undue hardship on the operation of the Southern Westchester BOCES Center. Plaintiff had already been working remotely since Spring 2020, five days a week and she continued working remotely into summer school five days a week. Therefore, her request to continue to telework did not pose a hardship on the District. In addition, under the FamilyFirst Coronavirus Response Act (FFCRA) Policy an accommodation was also required.

Yet on September 2 and 18, 2020, Suzanne Doherty in Human Resources denied Plaintiff her remote-only accommodation, even though Plaintiff had been providing OT

effectively during the spring and summer of 2020. Ms. Doherty said at that time there was no other options, the schools were closed.

On October 1, 2020 Plaintiff sent in her EEOC Complaint to the EEOC. Mr. Richard Buckley emailed her that he had received it on October 22, 2020. On January 7, 2021 Mr. Richard Leclear emailed Plaintiff and confirmed that the charge # was 502-2021-0180. On March 17, 2021, I sent Mr. Perry Canales at the EEOC the Charge of Discrimination and Attachment A on April 2nd, 2021. Mr. Canales emailed back: "Thank you, I will process this for today".

As such, the charge was not filed on or about November 18, 2021, but was actually filed on or about April 2nd, 2021. In her Attachment A submitted to the EEOC, Plaintiff wrote:

> "Statute: New York Consolidated Laws, Article 29-G Tele-health Delivery of Services§ 2999-cc has approved the use of tele-therapy as a platform to deliver occupational therapy services during the pandemic. This was a reasonable request. It does not burden SWBOCES with undue extra cost and it has been successfully used to deliver therapy. My request was denied even with three physicians certifying that going to school on site puts me at great risk. Human Resources explanation was that I could not deliver the essential functions of my job. This is not factual and I believe my therapy sessions were valuable and beneficial to the students I treat. I believe this is a form of discrimination because the administration is not recognizing that I am not like other staff, my age above 65 and co-morbid conditions are qualifying disabilities according to Americans with Disabilities Law. Accommodations are appropriate for me to continue to provide my services without a dangerous work environment created by COVID 19."
> Suzanne Doherty's responses to Plaintiff's requests to do telework was, "No."

To establish a prima facie case of discrimination a plaintiff must allege that: (1) she is a member of a protected class, (2) she was performing satisfactorily, (3) she was subjected to an adverse employment action, and (4) the adverse employment action

occurred under circumstances giving rise to an inference of discrimination."; McCray v. New York City Police Dep't. , No. 99 Civ. 7035, 2008 U.S. Dist. LEXIS 5368, *7-9 (E.D.N.Y. Jan. 24, 2008) A plaintiff must also "allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.&quot; Id. Moreover, to establish a prima facie case for actionable retaliation, a plaintiff must allege that she suffered an adverse employment action because engaged in protected activity. See McAllan v. Von Essen he , 571 F. Supp. 2d 672, 679-80 (S.D.N.Y. 2007).

It is undisputed that Plaintiff in this matter belongs to a protected class. Additionally, in her Complaint, Plaintiff argues that the Defendant treated her disparately by giving telework to other younger therapists and that these actions were motivated by animus and a desire to retaliate against her, and these events occurred within the limitations period. If proven true, these acts by the Defendant may constitute adverse employment actions. Zelnik v. Fashion Inst. of Tech. , 464 F.3d 217, 226 (2d Cir. 2006) (noting that the following acts might constitute adverse employment actions: "negative evaluation letters, express accusations of lying, assignment of lunchroom duty, reduction of class preparation period, . . . transfer from library to classroom teaching as an alleged demotion, and assignment to classroom on fifth floor which aggravated teacher's physical disabilities."). Plaintiff was not reasonably accommodated by Defendant based on her various disabilities and she was retaliated against by Defendant for standing up for her rights.

The Statement made by Defendant in their letter dated November 23, 2022 misconstrues the facts. Defendant has proposed a motion for dismissal pursuant to Rule

12(b)(6), Fed.R.Civ.Pro., on the grounds that Plaintiff has failed to state a claim upon which relief can be granted. Under this rule, dismissal for insufficiency of the complaint is proper only in the extraordinary case where the pleader makes allegations that show on the face of the complaint some insuperable bar to relief. TV Signal Company of Aberdeen v. American Telephone and Telegraph Company, 462 F.2d 1256, 1258 (8th Cir. 1972).

Plaintiff's Complaint is timely, and this case should go to discovery and deposition testimony or settlement, not to dismissal. To state an actionable claim in federal court for a violation of the Age Discrimination in Employment Act (ADEA), the plaintiff must file a charge with the EEOC. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 798 (1973) (stating a respondent can satisfy "the jurisdictional prerequisites to a federal action (i) by filing timely charges of employment discrimination with the Commission and (ii) by receiving and acting upon the Commission's statutory notice of the right to sue"); 29 U.S.C. § 626(d). A charging party must file a charge with the EEOC or applicable state agency for each discrete discriminatory act prior to commencing federal action. Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 113 (2002) ("Each discrete discriminatory act starts a new clock for filing charges alleging that act."). "The requirement, therefore, that the charge be filed 'after'; the practice 'occurred'; tells us that a litigant has up to 180 or 300 days after the unlawful practice happened to file a charge with the EEOC." Id. at 109-10.

Plaintiff's filing with the EEOC on April 2, 2021 was timely, and this case has been submitted to this Court under the proper statutes and jurisdictional requisites. Plaintiff's allegations of age, disability and retaliation have merit and need to proceed.

Therefore, but for Plaintiff's age, disabling conditions and her courageous stand on presenting a remote option as the only accommodation that was safe for her, this matter could have been resolved two years ago. Plaintiff requests that this Court proceed to discovery in this matter and deny a motion to dismiss as untimely.

Respectfully,

*/s/ D. Christopher Mason*
D. Christopher Mason

CC: Defendants via ECF