UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
KAREN BERENS,

                         Plaintiff

    -  against  -

SOUTHERN WESTCHESTER BOCES and
THE BOARD OF EDUCATION OF
SOUTHERN WESTCHESTER BOCES
----------------------------------------------------------X

22-CV-8183 (KMK)

**ANSWER TO AMENDED COMPLAINT WITH JURY DEMAND**

       Defendants, SOUTHERN WESTCHESTER BOCES and THE BOARD OF EDUCATION OF SOUTHERN WESTCHESTER BOCES, as and for an Answer to the Amended Complaint of the Plaintiff, respectfully set forth, upon information and belief, as follows:

## NATURE OF THE ACTION

       FIRST:    Deny the allegations contained in paragraph 1 of the Amended Complaint and refer all questions of law or fact to the Honorable Court.

## JURISDICTION AND VENUE

       SECOND:    Deny the allegations contained in paragraph 2 of the Amended Complaint and refer all questions of law or fact to the Honorable Court.

       THIRD:    Deny the allegations contained in the paragraph designated as "3" of the Amended Complaint and admit only that the EEOC notified BOCES of a charge of discrimination filed by the Plaintiff on November 18, 2021, and refer all other questions of law or fact to the Honorable Court.

FOURTH:  Admit that the EEOC issued a Notice of Right to Sue dated June 27, 2022 but deny knowledge or information sufficient to form a belief as to the truth or accuracy of the other allegations contained in the paragraph designated as "4" of the Amended Complaint.

FIFTH:   Admit that the occurrences alleged in the complaint occurred in the Southern District of New York but deny all other allegations contained in the paragraph designated as "5" of the Amended Complaint.

**PARTIES**

SIXTH:   Deny that the Plaintiff is a qualified individual with a disability and deny knowledge or information sufficient to form a belief as to the truth or accuracy of all other allegations contained in the paragraph designated as "6" of the Amended Complaint.

SEVENTH:   Deny in the form alleged the allegations contained in the paragraph designated as "7" of the Amended Complaint and admits only that the plaintiff is currently approximately 67 years-old.

EIGHTH:   Admit that the Plaintiff has been employed by BOCES as an Occupational Therapist since approximately 2004 and that in her capacity as an Occupational Therapist she is required to delivery therapy services to BOCES students, and deny all other allegations in the paragraph designated as "8" of the Amended Complaint.

NINTH:   Deny in the form alleged the allegations contained in the paragraph designated as "9" of the Amended Complaint but admit that BOCES is Board of Cooperative Educational Services located in Southern Westchester, New York.

TENTH:   Admit the allegations contained in the paragraph designated as "10" of the Amended Complaint.

ELEVENTH:     Deny the allegations contained in the paragraph designated as "11" of the Amended Complaint but admit that on or about August 14, 2020, the plaintiff submitted as requested an accommodation to perform her therapy services entirely remote because of her represented high-risk status due to Cerebral Palsy.

TWEFLTH:     Admit that the plaintiff and BOCES' Director of Human Resources Suzanna Doherty ("Ms. Doherty") met on August 19, 2020 to discuss the plaintiff's accommodation request and that Ms. Doherty requested additional information regarding the nature, severity and limitations of the alleged disability, and deny all other allegations in the paragraph designated as "12" of the Amended Complaint.

THIRTEENTH:     Admit that the plaintiff did not report to work when the 2020-21 school year began but deny all other allegations contained in the paragraph designated as "13" of the Amended Complaint.

FOURTEENTH:     Admit that an attorney for the plaintiff sent BOCES a letter on or about September 8, 2020 to BOCES Principal Leslie Handler ("Principal Handler") regarding plaintiff's accommodation request but deny all other allegations contained in the paragraph designated as "14" of the Amended Complaint.

FIFTEENTH:     Admit that on September 14, 2020 the plaintiff emailed Principal Handler and others stating that she was able to provide therapy to students from home but deny all other allegations contained in the paragraph designated as "15" of the Amended Complaint.

SIXTEENTH:     Deny the allegations contained in the paragraph designated as "16" of the Amended Complaint except admits only that the plaintiff and Ms. Doherty met on September 17, 2020 during which time Ms. Doherty explained why the plaintiff's preferred accommodation could not be granted and offered numerous patently reasonable accommodations to the plaintiff.

SEVENTEENTH: Deny the knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the paragraph designated as "17" of the Complaint.

EIGHTEENTH: Deny the allegations contained in the paragraph designated as "18" of the Complaint.

NINETEENTH: Admit that the plaintiff did not report to work during the 2020-21 school year, except for providing remote services for a brief period when her assigned worksite pivoted to entirely remote temporarily due to COVID cases, until March 22, 2021 and exhausted her accrued leave time in doing so, but deny all other allegations contained in the paragraph designated as "19" of the Amended Complaint.

TWENTIETH: Admit that the plaintiff did not report to work during the 2020-21 school year, except for providing remote services for a brief period when her assigned worksite pivoted to entirely remote temporarily due to COVID cases, until March 22, 2021 and exhausted her accrued leave time in doing so, but deny all other allegations contained in the paragraph designated as "20" of the Amended Complaint.

TWENTY-FIRST: Deny the allegations contained in the paragraph designated as "21" of the Amended Complaint.

TWENTY-SECOND: Deny knowledge or information sufficient to form a belief as to the truth or accuracy of whether the plaintiff was provided information by other staff members as alleged in the paragraph designated as "22" of the Amended Complaint and deny all other allegations contained in the paragraph "22".

TWENTY-THIRD: Admit that the plaintiff represented she would be willing to handle a caseload of entirely remote students but deny all other allegations in the paragraph designated as "23" of the Amended Complaint.

TWENTY-FOURTH: Paragraph "24" of the Amended Complaint contains argument, interpretation, and legal conclusions to which no response is required. To the extent the paragraph contains factual allegations to which a response is required, the defendants deny all such allegations.

TWENTY-FIFTH: Paragraph "25" of the Amended Complaint contains argument, interpretation, and legal conclusions to which no response is required. To the extent the paragraph contains factual allegations to which a response is required, the defendants deny all such allegations.

## AS AND FOR AN ANSWER TO THE FIRST CAUSE OF ACTION

TWENTY-SIXTH: In response to paragraph "26" of the Amended Complaint, the defendants incorporate by reference their answers and responses to paragraphs 1-25 of the Amended Complaint herein.

TWENTY-SEVENTH: Deny the allegations contained in the paragraph designated as "27" of the Amended Complaint.

TWENTY-EIGHTH: Deny the allegations contained in the paragraph designated as "28" of the Amended Complaint.

TWENTY-NINTH: Deny the allegations contained in the paragraph designated as "29" of the Amended Complaint.

THIRTIETH: Deny the allegations contained in the paragraph designated as "30" of the Amended Complaint.

THIRTY-FIRST:   Deny the allegations contained in the paragraph designated as "31" of the Amended Complaint.

## AS AND FOR AN ANSWER TO THE SECOND CAUSE OF ACTION

THIRTY-SECOND:   In response to paragraph "32" of the Amended Complaint, defendants incorporate by reference their answers and responses to paragraphs 1-31 of the Amended Complaint herein.

THIRTY-THIRD:   Deny the allegations contained in the paragraph designated as "33" of the Amended Complaint.

THIRTY-FOURTH:   Deny the allegations contained in the paragraph designated as "34" of the Amended Complaint.

THIRTY-FIFTH:   Deny the allegations contained in the paragraph designated as "35" of the Amended Complaint.

THIRTY-SIXTH:   Deny the allegations contained in the paragraph designated as "36" of the Amended Complaint.

THIRTY-SEVENTH:   Deny the allegations contained in the paragraph designated as "37" of the Amended Complaint.

## AS AND FOR AN ANSWER TO THE THIRD CAUSE OF ACTION

THIRTY-EIGHTH:   In response to paragraph "38" of the Amended Complaint, defendants incorporate by reference their answers and responses to paragraphs 1-37 of the Amended Complaint herein.

THIRTY-NINTH:   Deny the allegations contained in the paragraph designated as "39" of the Amended Complaint.

FORTIETH:   Deny the allegations contained in the paragraph designated as "40" of the Amended Complaint.

FORTY-FIRST:   Deny the allegations contained in the paragraph designated as "41" of the Amended Complaint.

FORTY-SECOND:   Deny the allegations contained in the paragraph designated as "42" of the Amended Complaint.

FORTY-THIRD:   Deny the allegations contained in the paragraph designated as "43" of the Amended Complaint.

**AS AND FOR AN ANSWER TO THE FOURTH CAUSE OF ACTION**

FORTY-FOURTH:   In response to paragraph "44" of the Amended Complaint, defendants incorporate by reference their answers and responses to paragraphs 1-43 of the Amended Complaint herein.

FORTY-FIFTH:   Deny the allegations contained in the paragraph designated as "45" of the Amended Complaint.

FORTY-SIXTH:   Deny the allegations contained in the paragraph designated as "46" of the Amended Complaint.

**AS AND FOR AN ANSWER TO THE FIFTH CAUSE OF ACTION**[1]

FORTY-SEVENTH:   Deny the allegations contained in the paragraph designated as "47" of the Amended Complaint.

FORTY-EIGHTH:   Deny the allegations contained in the paragraph designated as "48" of the Amended Complaint.

---

[1] While the plaintiff entitles the section of her Amended Complaint containing paragraphs 47-51 as her "Conclusion," the defendants interpret it as a fifth cause of action for violation of the New York State Human Rights Law.

7

FORTY-NINTH:   Deny the allegations contained in the paragraph designated as "49" of the Amended Complaint.

FIFTIETH:   Deny the allegations contained in the paragraph designated as "50" of the Amended Complaint.

FIRTY-FIRST:   Deny the allegations contained in the paragraph designated as "51" of the Amended Complaint.

## AS AND FOR A RESPONSE TO THE PLAINTIFF'S PRAYER FOR RELIEF

FIFTY-SECOND:   The plaintiff's Prayer for Relief in paragraph "52" of the Amended Complaint contains legal conclusions, argument and interpretation and demands to which no response is required.  To the extent a response is required, the defendants deny each and every allegation contained in paragraph "52" and deny any wrongdoing, deny plaintiff's rights were violated in any way, and deny plaintiff is entitled to any relief of any kind.

## DEMAND FOR A JURY TRIAL

FIFTY-THIRD:   Defendants demand a trial by jury as to any and all issues raised in the Amended Complaint and this Answer which are triable before a jury.

That by reason of this action, said answering defendants have been and will be put to costs and expense including attorney's fees.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

FIFTY-FOURTH:   The Amended Complaint fails to state a claim for relief or allege sufficient facts upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

FIFTY-FIFTH:    Plaintiff's claims may be barred in whole or in part by laches, waiver, unclean hands, collateral estoppel, statute of limitations, and/or res judicata.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

FIFTY-SIXTH:    Defendants at all times relative to plaintiff's Amended Complaint complied with all provisions of the ADA, the ADEA, Section 504 of the Rehabilitation Act of 1973, the New York State Human Rights Law, New York Education Law, the United States Constitution, the Constitution of the State of New York, and all other applicable laws, statutes, rules, regulations, and guidelines.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

FIFTY-SEVENTH:    The plaintiff's age, disability, and/or protected speech or activity were not the but-for cause of any adverse action.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

FIFTY-EIGHTH:    Plaintiff's damages were caused and brought about by an intervening and superseding cause and were not caused by defendants, or by a person or entity for whom defendants are responsible.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

FIFTY-NINTH:    Any and all decisions reached by the defendants in this matter were made in good faith and not probative of any animus or discriminatory intent towards the plaintiff on the basis of age, disability, protected speech/activity, and/or any other impermissible bias.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

SIXTIETH:    Plaintiff failed to satisfy certain conditions precedent before filing this action and failed to plead compliance with statutory conditions precedent.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

SIXTY-FIRST:    The Plaintiff failed to file a timely EEOC charge.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

SIXTY-SECOND: All actions taken by the defendants with respect to plaintiff's employment were based solely on legitimate, non-discriminatory and non-retaliatory reasons.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

SIXTY-THIRD: Defendants' decisions and actions in this matter would have been taken in the absence of any impermissible motivating factors and/or protected speech/activity.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

SIXTY-FOURTH: Plaintiff failed to mitigate her damages.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

SIXTY-FIFTH: Defendants did not act maliciously, recklessly or with ill will toward plaintiff and plaintiff is not entitled to punitive damages or liquidated damages.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

SIXTY-SIXTH: Plaintiff has not exhausted her available internal or administrative remedies.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

SIXTY-SEVENTH: Defendant did not act maliciously or with ill will toward Plaintiff.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

SIXTY-EIGHTH: Defendants did not make a deliberate decision to deprive or violate the constitutional or statutory rights of plaintiff.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

SIXTY-NINTH: The Plaintiff does not suffer from a qualifying disability within the meaning of the ADA, Section 504 of the Rehabilitation Act of 1973 and/or the New York State Human Rights Law.

### AS AND FOR SEVENTEENTH AFFIRMATIVE DEFENSE

SEVENTIETH:    Defendants fully engaged in the interactive process with respect to plaintiff's request for accommodations.

### AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

SEVENTY-FIRST:    The alleged incidents complained of were not severe or pervasive.

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

SEVENTY-SECOND:    Plaintiffs' work environment was not hostile or abusive.

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

SEVENTY-THIRD:    The alleged discriminatory conduct does not rise above the level of what a reasonable employee with the same protected characteristic would consider petty slights or petty inconveniences.

### AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

SEVENTY-FOURTH:  Any liability of the defendants for monetary relief should be mitigated, and any responsibility on the part of the defendants for equitable relief should be barred, by after-acquired evidence of plaintiff's misconduct during her employment.

### AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

SEVENTY-FIFTH:    Defendants are not liable to the plaintiffs for any alleged harassment or discrimination because they have exercised reasonable care to prevent and correct any harassing behavior and the plaintiffs have unreasonably failed to take advantage of available preventative or corrective opportunities.  *Farragher v. City of Boca Raton*, 524 U.S. 775, 807 (1998); *Burlington Indus. v. Ellerth*, 524 U.S. 742, 761 (1998).

## AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

SEVENTY-SIXTH: The plaintiff was not deprived of her tenure rights and/or any other constitutionally protected property right or interest without due process of law or by conduct of the defendants that was egregious and conscious-shocking.

## AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

SEVENTY-SEVENTH: The plaintiff failed to avail herself of adequate post-deprivation remedy(ies).

## DEMAND FOR COSTS

That by reason of this action, defendants has been and will be put to costs and expense including attorney's fees.

**WHEREFORE**, Defendants demands judgment dismissing the Amended Complaint herein, and costs, fees, and disbursements incurred in this action.

Dated: White Plains, New York
       March 24, 2023

        Respectfully submitted,

        **SILVERMAN & ASSOCIATES**

        *Caroline B. Lineen*

        By: Caroline B. Lineen
            Attorney for Defendants
            445 Hamilton Avenue, Suite 1102
            White Plains, New York 10601
            (914) 574-4510

TO:   Via ECF
       Mason Law, PLLC
       Attorneys for Plaintiff